Whitakek, Judge,
delivered the opinion of the court:
Plaintiff sues for the sum of $2,559.09, which he says is the amount expended by him for expenses of conducting his office of referee in bankruptcy in the United States District Court for the Northern District of Illinois, Western Division. In his petition he does not allege any contract with the United States to pay him these expenses nor does he point to any Act of Congress nor to a regulation of an executive department requiring the payment to him of these expenses.
Section 1491 of Title 28, United States Code, gives this court jurisdiction of any claim against the United States (1) founded upon the Constitution; (2) founded upon an Act of Congress; (3) founded upon any regulation of an executive department; (4) founded upon any express or implied contract with the United States; and (5) for liquidated or un-liquidated damages in cases not sounding in tort. Plaintiff’s petition brings him within no one of these five classes of cases, nor does it point to any other statute authorizing such a suit, nor to a regulation of an executive department.
*321 Rule 11 of the Rules of this court provide:
If the claim is founded upon an act of Congress or upon the regulation of an executive department or independent establishment, the act and the section thereof on which plaintiff relies shall be specified and the particular regulation of the department or independent establishment stated, but need only be referred to in specific terms sufficient to identify the act or regulation.
Plaintiff’s petition obviously does not comply with this rule, presumably for the reason that it was impossible for him to do so. We know of no Act of Congress under which the Government has made itself liable for the expenses of running the office of a referee in bankruptcy. The Acts of Congress prior to the Referees’ Salary Act of June 28,1946, allowed referees certain fees. So far as we know, there is no Act of Congress authorizing the payment of expenses in addition to these fees.
Defendant’s motion to dismiss is allowed, and plaintiff’s petition will be dismissed. It is so ordered.
Howell, Judge; Madden, Judge; Littleton, Judge; and Jones, Ghief Judge, concur.